UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PETER ALTMAN,

                                Plaintiff,

v.

                                                  Index No.: 1:18-cv-03411

STARBUCKS CORPORATION,

                                Defendant.

## MOTION TO PRECLUDE EXPERTS
## JOSEPH A. POLLINI AND PETER G. PASSIAS M.D.

                                                         Joseph M. Hanna, Esq. (JH2603)
                                                         GOLDBERG SEGALLA LLP
                                                          *Attorneys for Defendant*
                                                          *Starbucks Corporation d/b/a*
                                                          *Starbucks Coffee Company*
                                                          665 Main Street
                                                          Buffalo, New York 14203
                                                          Telephone: 716-566-5400
                                                          jhanna@goldbergsegalla.com

## Table of Contents

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 1

LEGAL ARGUMENT ......................................................................................................... 2

TESTIMONY OR EVIDENCE OFFERED BY PLAINTIFF'S EXPERT
POLLINI SHOULD BE EXCLUDED ................................................................................ 2

    A. Legal Standard ........................................................................................... 2

    B. Pollini is Not Properly Qualified to Testify as an Expert ......................... 4

    C. Pollini's Opinions Are Speculative and Conclusory ................................. 5

    D. Pollini's Opinions Will Confuse the Issues and Mislead The Jury ......... 7

PLAINTIFF'S EXPERT PASSIAS SHOULD BE PRECLUDED FROM
TESTIFYING AT TRIAL BECAUSE PLAINTIFF'S EXPERT DISCLOSURE ............. 8

FAILS TO COMPLY WITH FRCP 26(A)(2)(B) ............................................................... 8

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES
**Cases**     Page(s)

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002)..........................................................................................7

*Boucher v. U.S. Suzuki Motor Corp.*,
   73 F.3d 18 (2d Cir. 1996).................................................................................................4

*Brueggemeyer v. Am. Broad. Cos.*,
   684 F. Supp. 452 (N.D. Tex. 1988) ...............................................................................7

*Campbell ex rel. Campbell v. Metro Prop. & Cas. Ins. Co.*,
   239 F.3d 179 (2d Cir. 2001).............................................................................................3

*Daubert v. Merril Dow Pharms., Inc.*,
   509 U.S. 579 (1993).................................................................................................3, 6, 7

*General Elec. Co. v. Joiner*,
   522 U.S. 136 (1997).........................................................................................................4

*Hananburgh v. Metro-N. Commuter R.R.*,
   2015 WL 1267145 (S.D.N.Y. Mar. 18, 2015) ...............................................................9

*Heller v. Shaw Indus., Inc.*,
   167 F.3d 146 (3d Cir. 1999)............................................................................................7

*Hilaire v. Dewalt Industrial Tool, Co.*,
   54 F.Supp.3d 223 (E.D.N.Y. 2014) ................................................................................3

*Kumho Tire Co., Ltd. v. Carmichael*,
   526 U.S.137 (1999)..........................................................................................................3

*Lara v. Delta Int'l Machinery Corp.*,
   174 F.Supp.3d 719 ...........................................................................................................6

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
   542 F.3d 290 (2d Cir. 2008).............................................................................................6

*Nimely v. City of New York*,
   414 F.3d 381 (2d Cir. 2005).............................................................................................7

*Peretz v. Home Depot, Inc.*,
   2009 WL 3124760 (E.D.N.Y. September 29, 2009) ...................................................4

*Raskin v. Wyatt Co.*,
    125 F.3d 55 (2d Cir. 1997)..................................................................................................2

*Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*,
    988 F. Supp. 2d 395 (S.D.N.Y. 2013)..................................................................................3

*Stagl v. Delta Air Lines, Inc.*,
    117 F.3d 76 (2d Cir. 1997)..................................................................................................4

*United States v. Baller*,
    519 F.2d 463 (4th Cir. 1975) ..............................................................................................7

*Washington v. Kellwood Co.*,
    2015 WL 2258098 (S.D.N.Y. April 21, 2015) ...................................................................4

*Ziegenfus v. John Veriha Trucking*,
    2012 WL 1075841 (S.D.N.Y. Mar. 28, 2012) ....................................................................9

## PRELIMINARY STATEMENT

Defendant Starbucks Corporation ("Starbucks") respectfully submits this memorandum of law in support of its motion to preclude Plaintiff Peter Altman's ("Plaintiff") expert witnesses, Joseph A. Pollini ("Pollini") and Peter G. Passias ("Passias") (collectively, "Plaintiff's Experts").

## STATEMENT OF FACTS

Plaintiff commenced the instant action to recover damages for personal injuries alleged to have occurred on August 21, 2017. Plaintiff claims that serious and permanent injuries resulted when Plaintiff slipped and fell while using the restroom at the Starbucks store located in Woodside, New York (the "Incident"). Plaintiff asserts that the Incident resulted from the floor of the restroom being flooded. Defendant subsequently removed the case to the U.S. District Court for the Eastern District of New York.

An initial conference hearing was held on August 18, 2018, whereby this Court set the deadline for Plaintiff to serve expert reports by September 17, 2018. ECF Doc. No.: 8. On October 30, 2018, a status conference was held before this Court, whereby the deadline for Plaintiff to serve expert reports was extended until February 15, 2019. ECF Minute Entry dated October 30, 2018. On February 13, 2019, this Court granted an additional extension of time for Plaintiff to serve expert reports by April 15, 2019 ECF Minute Entry dated February 13, 2019. On May 1, 2019, a final extension of time was granted, whereby Plaintiff's expert discovery deadline was set for May 10, 2019. ECF Minute Entry dated May 1, 2019.

On May 10, 2019, Plaintiff served his expert witness disclosure ("Plaintiff's Expert Disclosure") identifying Pollini and Passias as Plaintiff's Experts intended to be called at the time of trial. Affidavit of Joseph M. Hanna, dated June 24, 2019 ("Hanna Aff.") at **Exhibit A**. According to Plaintiff's Expert Disclosure, Pollini will opine at the time of trial as to the allegedly hazardous conditions in the accident location, the purported negligence of Starbucks actions, and

1

alternative steps Pollini feels Starbucks should have taken regarding its maintenance and record-keeping policies ("Pollini Report"). Here, Plaintiff's Expert Disclosure is deficient to pursuant to the requirements of Federal Rule of Evidence ("FRE") 702 and FRE 403. First, Pollini's expert opinions are speculative and conclusory, failing to articulate reasoning beyond his subjective beliefs. Further, the testimony's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Since Plaintiff has failed to meet the requirements articulated in FRE 702 and FRE 403, Pollini must be precluded from offering testimony.

With respect to Passias, Plaintiff indicated that the expert will opine as to the causal relationship between the Incident and Plaintiff's injuries, the treatment performed by Passias, and the diagnosis and prognosis of Plaintiff's injuries, including past and future disability of Plaintiff and anticipated future medical care. Here, Plaintiff's Expert Disclosure is deficient pursuant to requirements under FRCP 26(a)(2)(B). As an initial matter, Plaintiff failed to disclose a written report prepared by Passias indicating a complete statement of all opinions the witness will express and the basis for those opinions. Rather, Plaintiff attached a copy of the original operation summary. Exhibit A. Further, Plaintiff's Expert Disclosure indicated that a list of cases in which Passias previously testified as an expert at trial or provided testimony was enclosed. Exhibit A. Plaintiff failed to disclose required information FRCP 26(a)(2)(B) pertaining to Passias and, therefore, Passias must be precluded from offering testimony.

## LEGAL ARGUMENT

### TESTIMONY OR EVIDENCE OFFERED BY PLAINTIFF'S EXPERT POLLINI SHOULD BE EXCLUDED

#### A. Legal Standard

"[T]he district court functions as the gatekeeper for expert testimony." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997). The Federal Rules of Evidence provide:

2

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FRE 702. "The discharge of the gatekeeping responsibility requires an answer to two questions: (1) is the proposed expert qualified to testify by virtue of his specialized knowledge, skill, experience, training or education?; and (2) if deemed qualified, is his testimony reliable and will it assist the fact finder in deciding the issue? Both questions must be answered in the affirmative if the testimony gate is to be opened." *See Hilaire v. Dewalt Industrial Tool, Co.*, 54 F.Supp.3d 223, 227-228 (E.D.N.Y. 2014). *See also* FRE 702. *See also Campbell ex rel. Campbell v. Metro Prop. & Cas. Ins. Co.*, 239 F.3d 179, 184 (2d Cir. 2001) (internal citations omitted) (noting that determining whether expert testimony will assist the factfinder "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue"). Where the court determines that FRE 702 has not been met, expert testimony must be excluded. *See Daubert v. Merril Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

"The burden of proving the admissibility of expert evidence, as with all evidence, rests with the proponent." *See Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*, 988 F. Supp. 2d 395, 401 (S.D.N.Y. 2013). Regardless of an expert's experience and his expertise, the court must still perform its gatekeeping function and examine the methodology used by the expert in reaching his opinion in order to determine if it is "reliable" and will assist the jury. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999). "[E]xpert testimony should be excluded if it is

3

speculative or conjectural." *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996) (internal citations omitted). Where the expert's testimony is "connected to existing data only by the *ipse dixit* of the expert," the court may determine that there is an insufficient analytical connection between the opinion offered and the supporting facts to warrant admission of the expert's opinion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). *See also Peretz v. Home Depot, Inc.*, 2009 WL 3124760, at *1 (E.D.N.Y. September 29, 2009). A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

### B. Pollini is Not Properly Qualified to Testify as an Expert

A district court may properly conclude that witnesses are insufficiently qualified despite the relevance of their testimony because their expertise is too general or too deficient. *See Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 81 (2d Cir. 1997). The analysis of an expert's qualifications requires a district court to consider two related questions: (1) an examination of the witness's background to determine whether he or she possesses the characteristics described by Rule 702, and (2) a comparison between the witness's area of expertise and the proffered testimony. *See Washington v. Kellwood Co.*, 2015 WL 2258098 at *6-7 (S.D.N.Y. April 21, 2015).

Here, Pollini is not qualified to testify as an expert because any expertise he may have has no connection to his proffered testimony. Pollini notes in his Report that he is "... a retired member of the NYPD, having served on the force for more than 33 years," during which he "... responded to, investigated and made arrests in connection with more than a thousand cases of assault, robbery, kidnapping, homicides and other crimes." *See* Pollini Report. Moreover, Pollini "... served as a member of the Hostage Negotiating Team for 17 years [and] ... trained members of the FBI on kidnapping investigations tactics." *See id.* Finally, Pollini "... testified in court numerous times, which included testimony pertaining to criminal matters and proper police procedures." *See id.*

Pollini fails to establish how his experience as a police officer responding to various crimes is in any way applicable to an alleged slip and fall on water. Nor has Pollini established how the subject slip and fall accident is in any way related to criminal investigations and/or effectuating arrests in criminal matters. Moreover, nowhere does Pollini indicate that he has consulted or testified with respect to slip and fall accidents in the retail or food service industry, bathroom locking mechanisms and/or general bathroom inspection and cleaning procedures. Accordingly, Pollini is entirely unqualified to testify as an expert at trial in connection with the subject slip and fall accident.

Moreover, nowhere does Pollini indicate in his Report that he has any experience, let alone extensive experience, in the retail and/or food service industry. Nor does Pollini indicate in his Report that he has experience with plumbing, masonry, cleaning bathrooms, the creation and/or remediation of spills in bathrooms and/or Starbucks policies and procedures relating to responding to accidents, accident reporting and/or evidence preservation. Instead, Pollini provides a baseless opinion regarding general accident reporting, evidence preservation, placement of warning signs and bathroom locking mechanisms. In fact, nowhere does Pollini even attempt to tie his unsubstantiated conclusions to his prior experience as a police officer. *See* Pollini Report. Moreover, Pollini's baseless opinions are clearly contradicted by the deposition testimony of the parties as well as the documentary discovery exchanged by Starbucks. Nevertheless, none of the unsupported opinions provided by Pollini establish that Starbucks either created or had actual or constructive notice of the alleged condition before the accident. Accordingly, Pollini's Report must be disregarded and Pollini cannot be qualified as an expert for trial purposes.

### C. Pollini's Opinions Are Speculative and Conclusory

Pollini's opinions should be excluded as speculative, conjectural, and conclusory. Where an expert opinion is merely speculative or conjectural, the opinion does not meet the requirements

5

of FRE 702. "[T]he word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. Where expert testimony is determined to be speculative or conjectural, the testimony should be excluded. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008). As such, where an expert's testimony is "bottomed upon nothing more than mere speculation and guesswork, or otherwise constitutes nothing more than junk science, the flexible *Daubert* inquiry gives the district court the discretion needed to ensure that the courtroom door remains closed . . . ." *See Lara v. Delta Int'l Machinery Corp.*, 174 F.Supp.3d 719, 728 E.D.N.Y. 2016) (internal citations omitted).

The Pollini Report contains baseless opinions that are purely speculative and conjectural. The following excerpts are illustrative of the self-serving nature of the Pollini Report:

- "…Akbar had sufficient time, on September 5th to clearly and accurately document what he observed on the day of the [I]ncident."; Pollini Report at ¶11.

- "Reports should always be prepared as soon as possible after the time of occurrence. Witnesses should also be kept separated until reports are completed. A delay in report preparation may result in distorted or incomplete facts."; *Id.* at ¶12

- "… [Starbucks] failed to provide a safe and hazard free environment for their patrons."; *Id.* at ¶15.

- "… [Starbucks] were careless and negligent by allowing members of the public to use their bathroom facility, while it was in a dangerous, hazardous and unsafe condition. The employees of Starbucks knew or should have known of all existing hazardous conditions that existed at the location" *Id.* at ¶16.

Importantly, nowhere does Pollini cite to any applicable data in formulating his self-serving opinions. Nor is there any evidence that the conclusions drawn by Pollini are supported by any applicable data. The foregoing opinions are speculative, conclusory, and conjectural, which are not admissible. *Major League Baseball*, 542 F.3d at 311. Here, these types of statements are legal conclusions critical to the determination of this case, improperly restated as Pollini's opinions. Therefore, "when an expert opinion is based on data, a methodology, or studies that are simply

6

inadequate to support the conclusions reached, *Daubert* and Rule 702 [of the Federal Rules of Evidence] mandate the exclusion of that unreliable opinion testimony." *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002). *See also Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 153 (3d Cir. 1999). As such, Pollini's expert testimony should be precluded as speculative and conclusory.

### D. Pollini's Opinions Will Confuse the Issues and Mislead The Jury

"In addition to the requirements of [FRE] 702, expert testimony is subject to [FRE] 403, and may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) citing FRE 403 (internal quotations omitted). Should this Court determine Pollini's expert testimony meets the standards under FRE 702, Plaintiff should be precluded from presenting Pollini's expert testimony because the probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Courts have noted that these dangers are particularly pronounced in the area of expert testimony, given the unique risk of the factfinder to place undue weight upon such testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993) ("Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.") (internal quotation marks omitted); *United States v. Baller*, 519 F.2d 463, 466 (4th Cir. 1975) ("Because of its apparent objectivity, an opinion that claims a scientific basis is apt to carry undue weight with the trier of fact."). *Brueggemeyer v. Am. Broad. Cos.*, 684 F. Supp. 452, 465 (N.D. Tex. 1988) (court is obligated to determine whether expert's proposed testimony lacks sufficient foundation, "rather than simply to permit the jury to consider all expert testimony and give it appropriate weight.").

The testimony proffered by Pollini lacks a basis, relying on unfounded assumptions and conclusive assertions. As detailed *supra*, Pollini fails to opine on Starbucks existing policy, offering only his subjective attempts to create new policy for the company. *See generally* Pollini Report. Such self-serving conjuncture undermines the testimony's probative value and creates a danger of unfair prejudice, confusion of the issues, and potential to mislead the jury. The danger of confusion of the issues and the potential to mislead the jury is particularly heightened here because, as a former police officer, Pollini may appear to the jury as an authority figure, even though he has no relevant knowledge or experience with regard to the retail or food service industry or slip and fall incidents. Starbucks respectfully requests an order precluding Plaintiff's proposed expert, Joseph A. Pollini, from testifying at trial.

## PLAINTIFF'S EXPERT PASSIAS SHOULD BE PRECLUDED FROM TESTIFYING AT TRIAL BECAUSE PLAINTIFF'S EXPERT DISCLOSURE FAILS TO COMPLY WITH FRCP 26(a)(2)(B)

Plaintiff's Expert Disclosure failed to disclose an expert report for Passias. According to Plaintiff's Expert Disclosure, Passias is expected to testify regarding Plaintiff's injuries stemming from the incident. However, Plaintiff's Expert Disclosure failed to produce a written report pursuant to FRCP 26(a)(2)(B). Rather, Plaintiff disclosed a surgical procedure summary, dated November 27, 2017. As noted by this Court on May 1, 2019, Plaintiff's expert discovery deadline was extended to May 10, 2019. Although Plaintiff served expert discovery on May 10, 2019, Plaintiff's Expert Disclosure is deficient and Plaintiff cannot now provide a report from Passias. Passias should be precluded from offering any evidence.

FRCP 26(a)(2)(B) sets forth the requirements for expert disclosure:

> Unless otherwise stipulated or ordered by the court, ***this disclosure must be accompanied by a written report***—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the part's employee regularly involved giving expert testimony. ***The report must contain: (i) a complete***

8

> *statement of all opinions the witness will express and the basis and reasons for them*; (ii) *the facts or data considered by the witness in forming them*; (iii) *any exhibits that will be used to summarize or support them*; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) *a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition*; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

(emphasis added). As relevant to this motion, FRCP 26(a)(2)(B) requires the production of a signed expert report and a list of cases in which the expert has testified or provided testimony.

Here, with regards to Passias, Plaintiff has failed to comply with FRCP 26(a)(2)(B). Plaintiff's Expert Disclosure fails to produce a signed expert report authored by Passias. The only writing provided by Passias is a prior summary of surgery, which lacks all of the necessary requirements to meet the requirements under FRCP 26(a)(2)(B). Specifically, Plaintiff's Expert Disclosure fails to disclose a report containing "a complete statement of all opinions [Passias] will express and the basis and reasons for them", "the facts or data considered by [Passias] in forming" his opinions, and "any exhibits that will be used to summarize or support" his opinions." FRCP 26(a)(2)(B)(i)-(iii). Plaintiff's Expert Disclosure fails to disclose "a list of all other cases in which, during the previous 4 years, [Passias] testified as an expert at trial or by deposition." FRCP 26(a)(2)(B)(v).

Despite numerous extensions, Plaintiff has failed to meet mandatory expert disclosure requirements pursuant to FRCP 26(a)(2)(B). "If a party does not comply with the requirements of [FRCP] 26, a court may impose sanctions under [FRCP] 37, including precluding the expert testimony." *Hananburgh v. Metro-N. Commuter R.R.*, 2015 WL 1267145 at *8 (S.D.N.Y. Mar. 18, 2015); *see Ziegenfus v. John Veriha Trucking*, 2012 WL 1075841 at *5-6 (S.D.N.Y. Mar. 28, 2012). Starbucks respectfully requests an order precluding Plaintiff's proposed expert, Peter G. Passias, M.D., from testifying at trial.

9

## CONCLUSION

For the foregoing reasons, Starbucks respectfully requests this Court grant this Motion to Preclude Experts Joseph A. Pollini and Peter G. Passias, M.D. from introducing evidence, reports or testimony at trial.

Dated: Buffalo, New York
June 24, 2019

GOLDBERG SEGALLA LLP

Joseph M. Hanna, Esq. (JH2603)
*Attorneys for Defendant
Starbucks Corporation d/b/a
Starbucks Coffee Company*
665 Main Street
Buffalo, New York 14203
Telephone: 716-566-5400
jhanna@goldbergsegalla.com

10