UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PETER ALTMAN,

                                        Plaintiff,

v.

                                                    Index No.: 1:18-cv-03411

STARBUCKS CORPORATION,

                                        Defendant.

## AFFIRMATION OF JOSEPH M. HANNA, ESQ.

JOSEPH M. HANNA, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following under penalty of perjury:

1.     I am a Partner of the firm of Goldberg Segalla LLP, attorneys for Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks"), in this action. As such, I am familiar with the facts and circumstances set forth herein.

2.     I submit this affidavit in support of Starbucks motion to preclude Plaintiff's experts brought pursuant to Federal Rule of Evidence ("FRE") 702 and FRE 403, and Federal Rule of Civil Procedure ("FRCP") 26, respectively.

3.     As explained more fully below, we respectfully urge the court to preclude the expert testimony of Joseph A. Pollini ("Pollini") and Peter G. Passias, M.D. ("Passias") (collectively, "Plaintiff's Experts").

4.     This action arises out of an alleged slip and fall ("Incident") that occurred on August 21, 2017 at the Starbucks store located at 51-06 Northern Blvd., Woodside, New York.

5.     On November 17, 2017, Plaintiff filed a Summons and Complaint against Starbucks, alleging that the Incident was caused by Starbucks negligence and carelessness in the maintenance, management, inspection and operation of the premises, and further alleging that Starbucks failed to provide a safe place of business and caused/created the dangerous, defective,

and unsafe condition.

6.      On May 10, 2019, Plaintiff served an expert witness disclosure ("Plaintiff's Expert Disclosure") identifying Pollini and Passias as Plaintiff's Experts intended to be called at the time of trial. A copy of Plaintiff's Expert Disclosure is attached as **Exhibit A**.

7.      Plaintiff's Expert Disclosure produced an expert report by Pollini ("Pollini Report").

8.      Plaintiff's Expert Disclosure indicates that Pollini is to opine at the time of trial as to the allegedly hazardous conditions in the accident location, the purported negligence of Starbucks actions, and alternative steps Pollini feels Starbucks should have taken regarding its maintenance and record-keeping policies.

9.      First, with respect to Pollini, Plaintiff's Expert Disclosure is deficient pursuant to the requirements of FRE 702. The Pollini Report articulates opinions that are no more than speculation and conjecture, providing sweeping conclusions absent fact-based analysis.

10.     The Pollini opinions are in further violation of FRE 403, as any probative value of the testimony is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. As established by the seminal case *Daubert v. Merrell Dow Pharm., Inc.*, these dangers are especially acute in the case of expert testimony, due to the unique risk of the factfinder assigning undue weight to such testimony.

11.     Therefore, in light of Plaintiff's clear violations of both FRE 702 and FRE 403, Starbucks respectfully requests an order precluding Plaintiff's proposed expert, Joseph A. Pollini, from testifying at trial.

12.     Secondly, Plaintiff's Expert Disclosure also indicates that Passias is to opine at the time of trial as to the causal relationship between the Incident and Plaintiff's injuries, the treatment performed by Passias, and the diagnosis and prognosis of Plaintiff's injuries.

13.     With respect to Passias, Plaintiff's Expert Disclosure is deficient pursuant to the

22005495 v2

requirements under FCRP 26(a)(2)(B). Plaintiff is required to disclose complete statements of all opinions each witness will express and the basis for those opinions, along with all facts and data considered in reaching his opinions and exhibits used to summarize his findings.

14.     As it relates to Passias, Plaintiff failed to disclose such a report. Instead, Plaintiff merely attached a copy of the original operation summary, which lacks all of the above-noted requirements to bring the Expert Disclosure in compliance with FRCP 26(a)(2)(B).

15.     Plaintiff's Expert Disclosure is further deficient in that Plaintiff failed to provide a list of cases in which Passias previously provided testimony or testified as an expert at trial, despite Plaintiff's indication that such a list was enclosed and despite numerous extensions to supplement all necessary documents.

16.     Due to the Plaintiff's failure to comply with the requirements of FRCP 26(a)(2)(B), and in light of the many opportunities to rectify the deficiencies, Starbucks respectfully requests an order precluding Plaintiff's proposed expert, Peter G. Passias, M.D., from testifying at trial.

WHEREFORE, Starbucks respectfully requests an Order precluding both of Plaintiff's proposed experts, Joseph A. Pollini and Peter G. Passias, M.D. from introducing evidence, reports, or testimony at trial.

Dated: Buffalo, New York
        June 24, 2019

GOLDBERG SEGALLA LLP

Joseph M. Hanna, Esq.  (JH2603)
*Attorneys for Defendant*
*Starbucks Corporation d/b/a*
*Starbucks Coffee Company*
665 Main Street
Buffalo, New York 14203
Telephone: 716-566-5400
jhanna@goldbergsegalla.com

3

22995495.v2