UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER ALLMAN,   Docket No.: 1:18-cv-03411

                Plaintiff,

  -against-

STARBUCKS CORPORATION,

                Defendant.
------------------------------------------------------------X

**KRENTSEL GUZMAN HERBERT (Marcia Raicus, Esq.) AFFIDAVIT IN OPPOSITION TO STARBUCK'S SUMMARY JUDGMENT MOTION**

Marcia Raicus, being duly sworn, deposes and states:

1. I am associated with Krentel Guzman & Herbert, attorneys for the Plaintiff, Peter Allman in the above-referenced action, and, as such, am familiar with the facts and circumstances of this action.

2. This affidavit is submitted in opposition to Defendant, STARBUCK'S motion for summary judgment and an order precluding Plaintiff's expert witnesses from testifying at trial, including Plaintiff's liability witness, Joseph A. Pollini.

3. The above-captioned action arises from a slip and fall accident that occurred on August 21, 2017, in the within the Starbucks restaurant, located at 51-06 Queens Boulevard.

4. The bathroom floor was flooded and Peter Allman consequently slipped and fell and sustained personal injuries.

5. The affidavit of expert witness, Joseph A. Pollini, sworn to on the 15th day of March, 2021 is attached as Exhibit "A" and the attestations set forth therein are incorporated within.

7. Plaintiff's Expert Witness Disclosure (Document 24-3) was filed on June 24, 2019 and is attached hereto as Exhibit "B".

8. Plaintiff's Expert Witness Disclosure identifies expert witnesses, Joseph A. Pollini and Peter G. Passsias, M.D. and fully discloses the expert witnesses qualifications, opinions and the bases of their opinions.

9. Plaintiff's Summons and Verified Complaint are annexed as Exhibit "C".

10. Plaintiff's Verified Bill of Particulars is annexed as Exhibit "D".

11. The March 6, 2019 transcript of the deposition of Jenny Leung (Defendant, Starbucks) is annexed as Exhibit "E".

12. The March 6, 2019 transcript of the deposition of Nataly Villanueva (Defendant, Starbucks) is annexed as Exhibit "F".

13. The April 15, 2019 transcript of the deposition of Sayeed Akbar (Defendant, Starbucks) is annexed as Exhibit "G".

13. The January 15, 2015 transcript of the deposition of Plaintiff. Peter Allman, is annexed as Exhibit "H".

Depositions of Defendant, Starbucks Employees:

Jenny Leung

14. Jenny Leung testified, at deposition, that she started working at Starbucks in 2006 as a barista. Her current job title is store manager. In August 2017, 20 employees worked at Starbucks located at 51-06 Northern Boulevard, Woodside, New York. (Exhibit "E", Page 4, Lines 8-9; Page 7, Lines 9-15; 21-23).

15. One of Ms. Leung's job duties is "making sure the store is safe for customers...." (Exhibit "E", Page 8, Lines 3-10). "Throughout the day there is someone that checks the bathroom all the time". (Exhibit "E", Page 12, Lines 2-8).

16. Jenny Leung admitted that she was aware of homeless people using the bathroom at Starbucks prior to the accident date, August 21, 2017. (Exhibit "E", Page 21, Lines 15-23). Significantly, Jenny Leung testified that she was aware of homeless people "spilling or causing water to be on the floor of the bathroom in Starbucks". This is due to the homeless people taking longer time in the bathroom and using the bathroom to clean themselves. (Exhibit "E", Page 21, Line 24 - Page 22, Line 13). Jenny Leung observed this condition numerous times (more than 10 times, maybe more than 20 times) prior to the accident date. (Exhibit "E", Page 23, Lines 2-8). Defendant knew or should have known that Starbucks lapse in security compromised the safety of the premises, as the homeless people's creation of flooding in the bathroom was known to Starbucks through its agents, servants and/or employees.

16. The Starbucks at the above-referenced location has one bathroom. It is necessary to walk past the cashier in order to get to the bathroom, which demonstrates that security was lax as the entry of homeless people into the bathroom was apparent and known to the cashier, amongst other agents, servants and/or employees of the Defendant. (Exhibit "E", Page 9, Lines 9-11; 15-16).

17. Jenny Leung provided the following testimony regarding prior water accumulation on the floor of the bathroom what is attributable to the use of the bathroom by homeless people.

> Q. The times when you did observe water on the ground in the bathroom before August 21, 2017, what caused the condition?
>
> A. Could be anything, could be urine on the floor, customers washing their

hands and just like flickering on the floor. Like I said, sometimes homeless people go in and wash their face and put water in their hands and splash on their face and it goes all over the floor. (Exhibit "E", Page 29, Line 20 - Page 30, Line 5).

18. Defendant's notice and knowledge of the condition of the bathroom is further demonstrated through Ms. Leung's testimony that she had received prior complaints from customers regarding the homeless people using the bathroom and prior complaints regarding the condition of the bathroom after the homeless people used it. (Exhibit E", Page 47, Lines 16-25).

19. Ms. Leung was notified of Peter Allman's August 21, 2017 accident by her supervisor, Nataly Villanueva. (Exhibit "E", Page 30, Lines 13-17).

Nataly Villanueva

20. Nataly Villanueva appeared for deposition on March 6, 2019. (Exhibit "F"), and her testimony establishes Defendant's inadequate security regarding the usage of the bathroom by homeless people, specifically failure to secure the bathroom and failure to prevent the homeless people's usage of the bathroom for personal grooming, which caused and/or created the dangerous and hazardous accumulation of water on the bathroom floor. If nobody was in the bathroom at the subject Starbucks the bathroom was "always open", meaning unlocked. (Exhibit "F" Page 15, Lines 12-20). Ms. Villanueva was aware of homeless people using the Starbucks bathroom and she testified regarding the homeless people's use of the bathroom creating an unsafe condition, which, clearly, was known to Starbucks prior to the accident date:

> Q. What would you do in terms of cleaning the bathroom after the homeless people used it?
>
> A. So let's say that they created like a mess, like a lot of water on the floor or or something like that, so we have to lock the door so customers don't come in. And depending like - -it would be mostly customer support that they would get the wet floor sign, get the mop, a bucket, lock the door and just start cleaning. And usually once they're done mopping or wiping down whatever they needed to wipe down, you would close the bathroom

for a couple of minutes until like the floor dries or the bathroom is completely ready for the next customer to use. (Exhibit "F", Page 23, Lines 6-18).

21. If there was water on the bathroom floor, it was usually coming from the sink. (Exhibit "F", Page 25, Lines 17-21).

22. When asked about how she believes the water came to be on the ground on the occasions, prior to the accident date that she had observed water on the floor, Ms. Villanueva testified that: "We mostly assume it came from the sink". (Exhibit "F", Page 26, Lines 13-19).

23. When asked how the water would have come from the sink, Ms. Villanueva testified that: "it would be the person carrying like water with their hands and just throwing it at themselves. (Exhibit "F", Page 26, Lines 22-24).

24. Ms. Villanueva was working at the subject Starbucks on August 21, 2017. (Exhibit "F", Page 29, Lines 13-16).

25. Ms. Villanueva learned of Plaintiff, Peter Allman's accident from Sayeed Akbar. (Exhibit "F", Page 36, Lines 15-19). Sayeed said that someone had slipped in the bathroom due to water on the floor. (Exhibit "F", Page 37, Lines 2-7).

26. After Sayeed told Ms. Villanueva about the accident, Ms. Villanueva went to see the bathroom to see the person who had slipped (Plaintiff). Plaintiff was still in the bathroom at this time, and he was on the ground near the entrance. She called paramedics (Exhibit "F", Page 37, Lines 24 - Page 39, Line 7). Plaintiff was taken out of the Starbucks on a stretcher. (Exhibit "F", Page 40, Lines 19-25).

Sayeed Akbar

27. Sayeed Akbar appeared for deposition on April 15, 2019. (Exhibit "G"). Mr. Akbar was employed by Starbucks, starting in May of 2015, and was still so employed on the

accident date. (Exhibit "G', Page 6, Lines 14-24). He was present in the Starbucks at the time of the accident. (Exhibit "G", Page 20, Lines 9-11).

28. There is one bathroom in the Starbucks, and it is available to the public. (Exhibit "G", Page 12, Lines 16-22).

29. Mr. Akbar was aware of homeless people using the bathroom, sometimes for grooming purposes prior to August 21, 2017. (Exhibit "G", Page 12, Lines3-18).

30. When asked why he believed that the homeless were using the bathroom for grooming purposes, Plaintiff testified that there would be "hair or some sort of spit in the sink as well as copious amounts of water on the floor". (Exhibit "G", Page 13, Lines 19-24.

31. There was on sign posted in the Starbucks that advised people that they shouldn't use the bathroom for grooming purposes. (Exhibit "G". Page 14, Lines 21-23).

32. There had been leaks in the Starbucks bathroom prior to August of 2017. (Exhibit "G", Page 25, Lines 21-24). One of Sayeed Akbar's job duties included checking for leaks in the bathroom and he had observed leaks around the toilet area, six months prior to the accident date.

33. Mr. Akbar believes that there was a leak by the toilet because the grout that was holding the toilet to the was coming off.

34. Sayeed Akbar observed the Plaintiff after Mr. Allman had stepped out of the bathroom. Mr. Akbar observed the bathroom at this time. There was water on the ground, but "not a lot". (Exhibit "G", Page 29, Lines 8-19).

35. He presumed that the source of the water was a leak from the toilet "because that had happened six months prior". (Exhibit "G", Page 36, Lines 2-7).

36. Sayeed Akbar was questioned about the document that had been marked Plaintiff's Exhibit "1" at deposition. Mr. Akbar testified that he had prepared one of the documents, his written statement. (Exhibit "G", Page 32, Lines 6-24).

37. Mr. Akbar wrote, in the portion of his statement where it says: "description of incident", that "the entire floor was wet". (Exhibit "G", Page 34, Line 23 - Page 35, Line 5). The statement continues where Mr, Akbar says: "It was strange that the entire floor was wet". (Exhibit "G". Page 36, Lines 21-24).

38. The deposition of Sayeed Akbar continues:

> Q. Why was it strange that that the entire floor was wet?
>
> A. Because I had checked the bathroom 15 to 20 minutes prior to the incident and the floor was dry. (Exhibit "G", Page 36, Line 25 - Page 37, Line 4).

39. The second to last sentence of Sayeed Akbar's written statement says that he assumed that "someone had spilled a lot of water on the floor". (Exhibit "G", Page 39, Lines 6-8).

40. Mr. Akbar explained that he made that assumption because:

> Usually , customers will shake their hands when they wash them or or splash their face with water. I assumed they had just missed the sink. (Exhibit "G", page 39, Lines 9-13).

Deposition of Plaintiff, Peter Allman

41. The accident occurred on August 21, 2017, at about 5:45, 5:50 at night in the Starbucks bathroom. .(Exhibit "H", Page 14, Lines 3-10; Page 15, Lines 5-9). Mr. Allman entered the Starbucks for the purpose of purchasing a cold beverage. He purchased the cold beverage and sat down for about 5, 10 minutes. Plaintiff had been to that Starbucks many times before. . (Exhibit "H", Page 16, Lines 7-14; 20-23).

42. Plaintiff decided to use the bathroom after he finished consuming the cold beverage. He did not see anyone walking towards or into the bathroom before him. (Exhibit "H", Page 28, Lines 14-23). He didn't notice anyone walking out of the bathroom. (Exhibit "H", Page 28, Line 24 - Page 29, Line 3).

43. The bathroom door was unlocked. (Page 29, Lines 4-6).

44. Plaintiff opened the door, entered the bathroom and turned around to turn the latch to lock the door. The light automatically came on when he went into the bathroom. Just as he was about to approach the stall, he took one step with his right foot and there was a puddle full of water to the left side of the wall, say; and it was gushing out he fell on his back. (Exhibit "H", Page 29, Line 22 - Page 30, Line 11).

45. Plaintiff was not able to reach the toilet before the accident. He didn't get to use the toilet. (Exhibit "H", Page 36, Lines 10-15). Plaintiff was soaking wet after he had slipped on the water and fell to the floor. (Exhibit "H", Page 37, Lines 2-5).

46. Mr. Allman was eventually able to exit the bathroom and he called for help. (Exhibit "H" Page 37, Lines 14-16).

Q. Okay. Can you ell me in your own words what it is that you saw when you looked at the floor after the accident. (Exhibit "H", Page 41, Lines 13-15.

A. Well, I - - really can't tell you what the floor looked like or anything. All I know it was flooding. It was mostly coming from the wall, all the way around the left side. Like the front of the toilet there was water. It was like - - I was soaking wet.

I don't know if the toilet was backed up, I don't know if it was leaking, I don't know what was going on in there. It was just flooded, the whole bathroom on the left side where I was going. The right side of the bathroom, I don't know. I never got to look.

_____
MARCIA RAICUS

Sworn to before me this 18th day of March, 2021



Notary Public

KEVIN S. DALY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01DA6413580
Qualified in Orange County
Commission Expires January 25, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PETER ALLMAN,                                        Docket No.: 1:18-cv-03411
                           Plaintiff,
     -against-                                        **DECLARATION**

STARBUCKS CORPORATION,

                         Defendant.
-----------------------------------------------------------X

        **Marcia Raicus**, an attorney duly admitted to practice in the United States District Court, Eastern District of New York, declares pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct.

        1.     I am associated with Krentsel Guzman & Herbert, attorneys for Plaintiff, Peter Allman. As such, I am familiar with the facts stated below and submit this declaration to place the relevant documents on the record in opposition to Defendant's motion for summary judgment and to preclude Plaintiff's liability expert.

        2.     Attached as Exhibit "B" is a true and correct copy of Plaintiff's Expert Witness Disclosure (Document 24-3) was filed on June 24, 2019.

Dated: New York, New York
          March 18, 2021

                                                  KRENTSEL GUZMAN & HERBERT
                                                Attorneys for Plaintiff

                                                By: _____
                                                      Marcia Raicus

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PETER ALLMAN,

                    Plaintiff,

-against-

STARBUCKS CORPORATION,

                    Defendant.
---------------------------------------------------------X

Docket No.: 1:18-cv-03411

**DECLARATION**

      **Marcia Raicus**, an attorney duly admitted to practice in the United States District Court, Eastern District of New York, declares pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct.

      1.    I am associated with Krentsel Guzman & Herbert, attorneys for Plaintiff, Peter Allman. As such, I am familiar with the facts stated below and submit this declaration to place the relevant documents on the record in opposition to Defendant's motion for summary judgment and to preclude Plaintiff's liability expert.

      2.    Attached as Exhibit "C" is a true and correct copy of Plaintiff's Summons and Verified Complaint.

Dated: New York, New York
           March 18, 2021

                                                  KRENTSEL GUZMAN & HERBERT
                                                  Attorneys for Plaintiff

                                                  By:    _/s/ Marcia Raicus_
                                                              Marcia Raicus

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PETER ALLMAN,                                              Docket No.: 1:18-cv-03411

                Plaintiff,
  -against-                                              **DECLARATION**

STARBUCKS CORPORATION,

                Defendant.
---------------------------------------------------------X

      **Marcia Raicus**, an attorney duly admitted to practice in the United States District Court, Eastern District of New York, declares pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct.

      1.    I am associated with Krentsel Guzman & Herbert, attorneys for Plaintiff, Peter Allman. As such, I am familiar with the facts stated below and submit this declaration to place the relevant documents on the record in opposition to Defendant's motion for summary judgment and to preclude Plaintiff's liability expert.

      2.    Attached as Exhibit "D" is a true and correct copy of plaintiff's verified bill of particulars.

Dated:  New York, New York
           March 18, 2021

                                                        KRENTSEL GUZMAN & HERBERT
                                                        Attorneys for Plaintiff

                                                         By:    _/s/ Marcia Raicus_
                                                                  Marcia Raicus

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

PETER ALLMAN,                                    Docket No.: 1:18-cv-03411

                     Plaintiff,

  -against-                                      **DECLARATION**

STARBUCKS CORPORATION,

                     Defendant.
-------------------------------------------------------X

       **Marcia Raicus**, an attorney duly admitted to practice in the United States District Court, Eastern District of New York, declares pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct.

      1.    I am associated with Krentsel Guzman & Herbert, attorneys for Plaintiff, Peter Allman. As such, I am familiar with the facts stated below and submit this declaration to place the relevant documents on the record in opposition to Defendant's motion for summary judgment and to preclude Plaintiff's liability expert.

      2.    Attached as Exhibit "E" is a true and correct copy of the deposition transcript of Jenny Leung.

Dated: New York, New York
       March 18, 2021

                                               KRENTSEL GUZMAN & HERBERT
                                               Attorneys for Plaintiff

                                               By: _____
                                                      Marcia Raicus

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

PETER ALLMAN,    Docket No.: 1:18-cv-03411

                Plaintiff,

  -against-    **DECLARATION**

STARBUCKS CORPORATION,

                Defendant.
-------------------------------------------------------X

      **Marcia Raicus**, an attorney duly admitted to practice in the United States District Court, Eastern District of New York, declares pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct.

      1.    I am associated with Krentsel Guzman & Herbert, attorneys for Plaintiff, Peter Allman. As such, I am familiar with the facts stated below and submit this declaration to place the relevant documents on the record in opposition to Defendant's motion for summary judgment and to preclude Plaintiff's liability expert.

      2.    Attached as Exhibit "F" is a true and correct copy of the deposition transcript of Nataly Villanueva.

Dated: New York, New York
       March 18, 2021

                                                          KRENTSEL GUZMAN & HERBERT
                                                        Attorneys for Plaintiff

                                                         By: _/s/ Marcia Raicus_
                                                              Marcia Raicus

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

PETER ALLMAN,

                     Plaintiff,

-against-

STARBUCKS CORPORATION,

                     Defendant.
-------------------------------------------------------X

Docket No.: 1:18-cv-03411

**DECLARATION**

      **Marcia Raicus**, an attorney duly admitted to practice in the United States District Court, Eastern District of New York, declares pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct.

      1.    I am associated with Krentsel Guzman & Herbert, attorneys for Plaintiff, Peter Allman. As such, I am familiar with the facts stated below and submit this declaration to place the relevant documents on the record in opposition to Defendant's motion for summary judgment and to preclude Plaintiff's liability expert.

      2.    Attached as Exhibit "G" is a true and correct copy of the deposition transcript of Sayeed Akbar.

Dated: New York, New York
          March 18, 2021

                                                      KRENTSEL GUZMAN & HERBERT
                                                           Attorneys for Plaintiff

                                                           By: _____
                                                                 Marcia Raicus

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

PETER ALLMAN,

                  Plaintiff,

-against-

STARBUCKS CORPORATION,

                  Defendant.
----------------------------------------------------------X

Docket No.: 1:18-cv-03411

**DECLARATION**

      **Marcia Raicus**, an attorney duly admitted to practice in the United States District Court, Eastern District of New York, declares pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct.

      1.    I am associated with Krentsel Guzman & Herbert, attorneys for Plaintiff, Peter Allman. As such, I am familiar with the facts stated below and submit this declaration to place the relevant documents on the record in opposition to Defendant's motion for summary judgment and to preclude Plaintiff's liability expert.

      2.    Attached as Exhibit "H" is a true and correct copy of the deposition transcript of Plaintiff, Peter Allman.

Dated: New York, New York
          March 18, 2021

                                            KRENTSEL GUZMAN & HERBERT
                                            Attorneys for Plaintiff

                                        By: _____
                                                Marcia Raicus